E-FILED
Tuesday, 29 December, 2020 11:13:24 AM
Clerk, U.S. District Court, ILCD

# United States District Court

## CENTRAL DISTRICT OF ILLINOIS

Michael Smith
Michael Grommet
Justin Beeman
Jesus Reynosa
Michael Stromer
Eddie Rigsby    Devontae Phillips
James Jensen    Jose Marrero
               Neal Hollingsworth
(SEE ATTACHED)    James Joslin

)
)
)
)
)    Plaintiff
)
vs.    )
)    Case No. _____
)    *(The case number will be assigned by the clerk)*
)
MEND    )
(Rock Island County Jail    )    **FILED**
Medical Services Provider)    )
_____    )    DEC 28 2020
_____    )
_____    )    CLERK OF THE COURT
_____    )    U.S. DISTRICT COURT
_____,    )    CENTRAL DISTRICT OF ILLINOIS
)
Defendant(s)    )

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☒ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☒ Other federal law:   deliberate indifference, Federal Tort Claims Act

☒ Unknown   Malpractice

_____

***\*Please refer to the instructions when filling out this complaint.*** *Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff: (s)   *See attached*

Full Name:  Michael Smith

~~Prison~~ Jail Identification Number:  1895262

Current address:  1317 3RD Avenue, Rock Island, IL 61201

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name:  MEND CORRECTIONAL CARE

Current Job Title:  _____

Current Work Address  _____

_____

Defendant #2:

Full Name:  _____

Current Job Title:  _____

Current Work Address  _____

_____

Defendant #3:

Full Name:  _____

2

Plaintiff(s) cont.                    See Back →

Michael Grommet
#1923403   x [signature]
1317 3RD Ave.
Rock Island, IL 61201

James Jensen
# 1637877  X [signature]
1317 3RD Avenue
Rock Island, IL 61201

Justin Beeman
# 33624    x [signature]
1317 3RD Ave.
Rock Island, IL 61201

Devontae Phillips
# 1940738
1317 3RD Ave.  x
Rock Island, IL 61201

Jesus Reynosa
#1693857 x Jesus Reynosa
1317 3RD Ave.
Rock Island, IL 61201

Jose Marrero
# 19597 x
1317 3RD Ave.
Rock Island, IL 61201

Michael Stromer
# 4208    x [signature]
317 3RD Ave.
Rock Island, IL 61201

[scribbled out / illegible]

Eddie Rigsby
# 4485   x [signature]
317 3RD Ave.
Rock Island, IL 61201

James Joslin
# 57810   x [signature]
1317 3RD Ave.
Rock Island, IL 61201

Tremaine, Gabriel
# 102049   X Tremaine Gabriel
1317 3rd Ave
Rock Island IL 61201


x Thomas Erving Elijah Hughes
#1867962   X Thomas Pugh
1317 3rd Ave
Rock Island IL 61201


Juwan Crawford
#151263 X Juwan Crawford
1317 3rd Ave
Rockisland IL 61201

Current Job Title: _____

Current Work Address _____

_____

Defendant #4:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

The *"three strikes rule" bars a prisoner from bringing a civil action or appeal <u>in forma pauperis</u> in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?          Yes ☐          No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐          No ☒

3

C.  If your answer to B is yes, how many? _____  Describe the lawsuit(s) below.

    1.  Name of Case, Court and Docket Number

       _____

    2.  Basic claim made  _____

    3.  Disposition (That is, how did the case end?  Was the case dismissed?  Was it appealed?  Is it still

pending?)  _____


*For additional cases, provide the above information in the same format on a separate page.*


## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint.  However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A.  Is there a grievance procedure available at your institution?   Yes  ☒   No  ☐

B.  Have you filed a grievance concerning the facts relating to this complaint?

       Yes  ☐   No  ☒

If your answer is no, explain why not  <u>medical issues are subjectable to</u>
<u>laws that differenciate from institutional protocol + procedures</u>

C.  Is the grievance process completed?   Yes  ☒   No  ☐

4

## V. STATEMENT OF CLAIM

Place(s) of the occurrence Rock Island County Jail

Date(s) of the occurrence 11/19 to present

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

Prior to 11/19/2020, inmate Neal Hollingsworth began feeling ill and complained of a cough and headache. By 11/19/2020, Mr. Hollingsworth was experiencing severe symptomology of COVID-19. (i.e. Breathing issues, high temperature, cough, loss of appetite, loss of taste, loss of smell, diarreah, vomiting, etc.) Mr. Hollingsworth was being housed on "W" block, an open dormitory setting where "social distancing" and containment is virtually impossible. The institution has both dormitory and single person cell block areas. CDC regulations state that "upon intake to an institution, 14 day quaranteen must be implemented. These guidelines are not followed at Rock Island County Jail and there is an extreme lack of intake screening, which constitutes deliberate indifference (see Carty v. Farrelly, 957 F. Supp. 727, 737 (D.V.I. 1997) and Madrid v. Gomez, 889 F. Supp. 1146, 1258 (N.D. Cal. 1995)) Inmate Hollingsworth was removed from the dorm, but no actions to stop the potential spread of COVID were implemented. The Eighth Amendment forbids

5

exposure of prisoners to conditions that pose "an unreasonable risk of serious damage to their future health." (see Ginest v. Board of County Commissioners of Carbon County, 333 F. Supp. 2d 1190, 1209-10 (D. Wyo. 2004); Coleman v. Wilson, 912 F. Supp. 1282, 1304-04 (E.D. Cal. 1995); Madrid v. Gomez, 889 F. Supp. 1146, 129 (N.D. Cal. 1995)). "Prisoners may also seek injunctions against conditions that may cause illness in the future, such as exposure to infectious diseases or unsafe drinking water." Helling v. McKinney, 509 U.S. 25, 113 S. Ct. 2475 (1993). Medical staff did not isolate all inmates to protect the further spread and did not conduct tests upon request, and dispite obvious complaints and concern. Mend staff consealed pertanent information and advice such as our exposure. They failed to develop a policy and protocol. Although tests are readily available and all staff had been tested, inmates were not tested. (see DeGidio v. Pung, 704 F. Supp. 922, 937-51, 956-59 (D. Minn. 1989)). Included herewith are copies of inmates positive test results, denied medical requests for testing and proof of deliberate indifference. Due to these indifferences, all inmates have been subjected to infectious disease which is potentially life threatening.

## RELIEF REQUESTED

(State what relief you want from the court.)

Money compensation and termination
of MEND as Rock Island County Jail
Medical Service Provider. Return of funding
to Rock Island County for contract sum.

JURY DEMAND          Yes ☒          No ☐

Signed this _____ day of _____ , 20_____.

_____
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Address: | Telephone Number: |

8

To: Clerk

Please send copies to all parties
until counsel is appointed